**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| 3M COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| AVERY DENNISON | ) | |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff 3M Company ("3M") brings this Declaratory Judgment Complaint against

defendant Avery Dennison Corporation ("Avery" or "Defendant").  This Declaratory Judgment

Complaint relates to 3M's current efforts to resolve ongoing disputes between the parties – direct

competitors in the field of retroreflective sheeting products – regarding their respective legal

rights to manufacture and sell retroreflective sheeting using what is colloquially known as "full

cube" technology.  Specifically, 3M seeks declaratory judgments of patent noninfringement,

invalidity, and intervening rights with respect to two Avery patents directed to retroreflective

sheeting technology.  3M alleges as follows:

### NATURE OF THIS ACTION

1.     This is an action seeking Declaratory Judgments that United States Patents Nos.

Re 40,700 (the "40,700 patent") and Re 40,455 (the "40,455 patent"), which are owned by Avery

(collectively, the "Heenan patents"), have not been infringed by 3M and/or are invalid.

2.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§  2201 and

2202, and the Patent Laws of the United States, Title 35 of the United States Code.

## THE PARTIES

3.      3M is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427.

4.      3M is the worldwide leader in retroreflective sheeting technology.  This technology is used in a variety of applications, including on road signs that enhance motorist and passenger safety around the world.  3M has invested substantial resources creating a new type of reflective sheeting using what is colloquially known as "full cube" technology, sold as 3M's Diamond Grade DG$^{3\text{TM}}$ product.  3M's Diamond Grade DG$^{3\text{TM}}$ product is used around the world as one way to improve roadway safety.

5.      Avery is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 150 North Orange Grove Boulevard, Pasadena, California 91103.

6.      Avery and 3M are direct competitors in sales of retroreflective sheeting products. Avery and 3M have an ongoing dispute regarding their respective legal rights to manufacture and sell retroreflective sheeting products using full cube technology.  Avery has indicated to 3M that Avery believes 3M needs a license to the Heenan patents to cover 3M's sales of its Diamond Grade DG$^{3\text{TM}}$ products.  3M seeks to resolve the parties' current disputes regarding retroreflective sheeting using full cube technology and thus 3M brings this declaratory judgment action, in which 3M seeks a declaration that the Heenan patents have not been infringed by 3M and/or are invalid.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

9.     This Court has personal jurisdiction over Avery because Avery's contacts with the State of Minnesota are significant and pervasive.  The State of Minnesota is a large and important market for the sale of Avery's products.  Avery has sales representatives, dealers, and distributors located in the State of Minnesota that market, promote, and sell Avery's products. Avery has conducted business continuously and systematically in the State of Minnesota and in this judicial district for many years and continues to conduct that business actively today.

## FACTUAL BACKGROUND

### *The Parties Compete Directly In Sales of Retroreflective Sheeting Products*

10.     3M designs, manufactures, and sells permanent and temporary reflective sheeting for traffic control, guidance signs, and delineation devices, including Series 4000 3M™ Diamond Grade™ DG$^3$™ full cube prismatic reflective sheeting.

11.     Avery is 3M's direct competitor in the United States and elsewhere in sales of permanent and temporary reflective sheeting for traffic control, guidance signs, and delineation devices.

12.     Avery is currently introducing to customers in the United States Avery's first retroreflective sheeting product using full cube technology.  3M has alleged in a related action in this Court that Avery's new products, including the OmniCube T-11500 Prismatic Reflective Film, infringe thirteen 3M patents.

### The Heenan Patents

13.     Avery is the owner of the 40,700 patent, entitled "Retroreflective Articles Having Microcubes, And Tools And Methods For Forming Microcubes," which issued on April 14, 2009 and is a reissue of U.S. Patent No. 6,015,214.  A true and correct copy of the 40,700 patent is attached hereto as Exhibit A.

14.     Avery is the owner of the 40,455 patent, entitled "Retroreflective Articles Having Microcubes, And Tools And Methods For Forming Microcubes," which issued on August 12, 2008 and is a reissue of U.S. Patent No. 6,767,102.  A true and correct copy of the 40,455 patent is attached hereto as Exhibit B.

### 3M and Avery Have a Long History of Patent Infringement Litigation

15.     3M and Avery have a long history of fierce competition, as well as patent infringement litigation, both in the United States and overseas.  Their litigious relationship regarding patent rights has continued, and in fact has intensified, in recent years.

16.     In 2001, Avery filed suit against 3M alleging that 3M's manufacture and sale of Diamond Grade™ cube corner retroreflective sheeting infringed Avery's U.S. Patent Nos. 4,486,363 and 4,478,769 (Civil Action No. DE-01-125-JJF).  That suit was settled.

17.     In 2001, 3M filed suit against Avery alleging that Avery's manufacture and sale of structured adhesive products, including Avery's EZ Series Fleet Marking Film, infringed 3M's U.S. Patent No. 5,897,930.  In 2005, that action was tried to a jury in this District before Judge John R. Tunheim  (Civil Action No. 01-CV-1781 JRT/FLN).  The jury returned a verdict in favor of 3M and Judge Tunheim entered judgment in favor of 3M.

18.     In 2005, 3M filed suit against Avery in the District Court of the Hague, the Netherlands, alleging infringement by Avery of the European counterpart patent of U.S. Patent

No. 5,897,930 (EP1011955), in an action identified as Cause-List No. 253070 HA ZA 05-3435. 3M and Avery settled that action, along with the U.S. case, in 2007.

19.     In 2006-2007, Avery and/or its affiliates brought a series of actions against 3M and/or its affiliates in Europe seeking cancellation, nullity and/or declarations of noninfringement of 3M's European patents and utility models directed to closure tape tab laminates for disposable absorbent articles such as diapers.  Avery filed actions in Belgium (Rechtbank van Eerste Aanleg, Antwerp, No. AR 05/7881/A, nullity action against EP 0796 073 B2), and in two courts in Germany (Federal Patent Court, Munich, No. 4 Ni 55/07, nullity action against German part (DE 69511 105) of EP 0796 073 B2; and Deutsches Marken & Patentamt Gebrauchsmusterstelle, Munich LO I 128/07, cancellation action against German Utility Model DE 200 232.37U1).  3M and/or its affiliates counterclaimed for infringement in those actions and brought actions for infringement of the corresponding patents and utility model in the Regional Court of Duesseldorf, Germany (No. 4a 0 27/07, infringement of German portion of EP 0 796 073 B2; No. 4a 0 26107, infringement of German utility model DE 200 23237 U1; No. 4a 0112/07, infringement of German portion of EP 1 255522 B1).  Avery and 3M settled those actions in 2008.

20.     As part of the settlements of the structured adhesive actions in 2007, and the closure tape tab laminate actions in 2008, 3M and Avery entered into standstill agreements. Without disclosing the particulars of those agreements, they required each party to communicate before filing an action for patent infringement against the other regarding those specific technologies.  No such standstill agreement exists or has ever existed, however, with respect to retroreflective sheeting technology.

21.     On May 3-4, 2010, Avery filed suit against 3M in the District of Delaware alleging that 3M label sheets infringe Avery's U.S. Patent No. 7,709,071 (Civil Action No. DE-10-372-GMS).  Avery gave 3M no prior notice of Avery's intent to file the action.  The patent-in-suit issued on May 4, 2010.  On information and belief, Avery began the filing process for its infringement action minutes before midnight on May 3rd, and Avery completed the filing of its Complaint at 22 seconds past midnight on May 4th, the day the patent issued.

### *Avery's Communications to 3M Regarding the Heenan Patents*

22.     3M launched its Diamond Grade™ DG$^3$™ sheeting products in 2005.  3M has made and sold those products continuously in the United States since that time.

23.     In connection with efforts to resolve the structured adhesives actions in 2005 and 2007, 3M became aware that Avery was monitoring the launch of 3M's Diamond Grade™ DG$^3$™ sheeting products with the Heenan patents in mind, and 3M believed that Avery had examined 3M's Diamond Grade™ DG$^3$™ sheeting products in comparison to the claims of the Heenan patents.

24.     3M also became aware of Avery's filing and prosecution of reissue patent applications of the Heenan patents in an effort to correct errors.

25.     Patent reissue proceedings may be conducted in an effort to correct errors in patents prior to litigation.

26.     Upon information and belief, Avery sought reissuance of the Heenan patents in an effort to correct errors in the patents and to better position the patents for litigation.

27.     The Heenan patents are directed generally to retroreflective sheeting technology .

28.     Upon information and belief, 3M is the only competitor of Avery that has sold full cube retroreflective sheeting products in the United States.

29.     Upon information and belief, Avery sought reissuance of the Heenan patents in an effort to better position the patents for litigation against 3M.

30.     Avery next raised the Heenan patents with 3M in 2009.

31.     On March 31, 2009, Avery's Chief Intellectual Property Counsel telephoned 3M's Chief Intellectual Property Counsel.  Avery stated that 3M's Diamond Grade™ DG$^3$™ sheeting products "may infringe" the Heenan patents and that "licenses are available."

32.     In view of Avery's prior history of communications with 3M regarding the Heenan patents, 3M was aware of their subject matter and of Avery's pattern of raising those patents with reference to 3M's Diamond Grade™ DG$^3$™ full cube sheeting products.

33.     On April 2, 2009, 3M's Chief Intellectual Property Counsel telephoned Avery's Chief Intellectual Property Counsel.  3M stated that it had rejected Avery's previous efforts to license the Heenan patents and that 3M's position had not changed.  3M asked whether Avery had any new information that should cause 3M to revisit its decision not to take a license to the Heenan patents.  Avery stated that it had done an analysis of 3M's Diamond Grade™ DG$^3$™ products with reference to the Heenan patents and that Avery would "send claim charts."

34.     Avery never provided 3M with claim charts or other information relating to Avery's analysis of the Heenan patents and 3M's Diamond Grade™ DG$^3$™ products.

35.      Since 2007, the Chief Intellectual Property Counsels of 3M and Avery have engaged in confidential settlement negotiations concerning a number of intellectual property disputes.  However, those settlement discussions have never related to the Heenan patents or any retroreflective sheeting products.  There was no formal or "gentlemen's agreement" of confidentiality regarding the aforementioned 2009 telephone conversations regarding the Heenan patents, which were initiated by Avery without reference to any expectation of confidentiality

and without reference to any other matters the parties may have been discussing how to settle at that time.

36.     There were no settlement discussions in 2009 between Avery and 3M concerning the Heenan patents.  3M rejected Avery's assertion that 3M "may infringe" the Heenan patents and there was no discussion whatsoever of license or other settlement terms.

### *Avery's Actions in 2010*

37.     In 2010, 3M became aware of Avery's plans to launch in the United States its first retroreflective sheeting products including full cube technology.

38.     3M has an extensive U.S. patent portfolio directed to full cube retroreflective technology.  Until 2010, Avery appears to have respected 3M's patent rights directed to full corner cube retroreflective technology, and to have refrained from introducing an infringing full cube retroreflective sheeting product.

39.      On May 3-4, 2010, after 3M had learned of Avery's plans to launch its first retroreflective sheeting product using full cube technology, Avery filed suit against 3M in the District of Delaware, alleging that 3M label sheets infringe Avery's U.S. Patent No. 7,709,071, which had issued on May 4th (Civil Action No. DE-10-372-GMS).  Avery gave 3M no prior notice of Avery's intent to file the action in the early hours of the morning the day the patent issued.

40.     When Avery filed the action against 3M in Delaware, 3M concluded that with the exception of specific technology covered by written standstill agreements, Avery did not feel any need to contact 3M before filing suit for patent infringement.

41.     3M and Avery have never had a standstill agreement that includes retroreflective sheeting or the Heenan patents.

42.     On June 25, 2010, 3M sued Avery for patent infringement in the District of
Minnesota, alleging that the full cube retroreflective sheeting products that Avery was in the
process of launching infringe thirteen 3M patents.

43.     In its June 25th Complaint, 3M also included claims for relief seeking declaratory
judgments of noninfringement, invalidity and/or intervening rights concerning the Heenan
patents.  3M included these counts in order to ensure that all disputes regarding the parties'
respective legal rights to manufacture and sell full cube retroreflective sheeting products would
be resolved with finality and would be resolved efficiently and economically in a single action.
Not wishing to set forth the parties' specific communications in its Complaint, 3M included only
general averments demonstrating that an actual case or controversy exists with respect to the
Heenan patents.

44.     On the day 3M filed its Complaint, 3M's Chief Intellectual Property Counsel
telephoned Avery's Chief Intellectual Property Counsel.  3M stated that it believes a dispute
exists between 3M and Avery regarding the Heenan patents, but if that were not the case and if
Avery were to confirm as much by providing 3M with a covenant not to sue, 3M would dismiss
the declaratory judgment claims for relief.  Despite multiple attempts by 3M to receive such
confirmation, Avery did not respond.

45.     After 3M filed its June 25th Complaint, 3M's outside litigation counsel also asked
Avery's outside litigation counsel whether Avery planned to sue 3M for infringement of the
Heenan patents.  Avery's counsel refused to answer 3M's question.

46.     On August 18, 2010, after 3M had extended Avery's time to answer 3M's June
25th Complaint, Avery filed a Motion to Dismiss the declaratory judgment counts.  Avery's
motion and supporting memorandum were carefully worded so as not to disclaim an intention to

sue 3M for infringement of the Heenan patents in a separate action in another court if Avery

succeeded in having the declaratory judgment counts dismissed.  Avery's motion to dismiss was

scheduled to be heard on November 12, 2010.

47.     Avery used its motion to dismiss the three declaratory judgment counts of 3M's

June 25th Complaint directed to the Heenan patents as grounds not to answer any of the other

thirteen counts alleging Avery's infringement of thirteen 3M patents.  Thus, to assist the Court

by eliminating the need to decide Avery's Motion to Dismiss, and to negate further efforts to

delay answering 3M's allegations of patent infringement, 3M has filed, as a matter of right under

Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, an Amended Complaint that omits the

declaratory judgment counts.

48.     Concurrently with the filing of its Amended Complaint, 3M is filing this

Declaratory Judgment Complaint, which apprises Avery of the facts Avery complained were

lacking in 3M's original Complaint.

49.     The facts alleged herein show that a substantial controversy exists between

Avery and 3M, parties having adverse legal interests, regarding the validity and

alleged infringement of the Heenan patents, and that this controversy is of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

50.     On information and belief, for the past five years since 3M launched its Diamond

Grade™ DG³™ products, Avery's strategy has been to raise the Heenan patents, and alleged 3M

liability accruing under those patents, as negotiation tactics in patent disputes between the

companies.

51.     On information and belief, if this action is dismissed for lack of subject matter jurisdiction, Avery will sue 3M for infringement of the Heenan patents in a separate action in another court.

52.     By virtue of all the foregoing circumstances, including but not limited to the statements and actions of Avery, an immediate, real, and justiciable controversy exists between Avery and 3M over the validity and 3M's alleged infringement of the Heenan patents.

53.     Under all the circumstances alleged herein, a substantial controversy exists between Avery and 3M of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the parties' adverse legal interests with respect to Avery's U.S. Reissue Patents Nos. 40,700 and 40,455, and including their predecessor patents before they were reissued, U.S. Patents Nos. 6,015,214 and 6,767,102, respectively.

54.     The Court may and should exercise its broad discretion to adjudicate this action under the Declaratory Judgment Act.  There is no better or more effective remedy or forum for resolving the present controversies between the parties regarding full cube retroreflective sheeting technology.  Such adjudication will serve the underlying purposes of the Declaratory Judgment Act by resolving legal disputes between Avery and 3M regarding their respective legal rights to manufacture and sell full cube retroreflective sheeting products.  These disputes should be resolved efficiently and economically in this action, deciding the controversies between the parties with certainty, completeness and finality.

**First Claim for Relief**
**DECLARATORY JUDGMENT OF**
**NONINFRINGEMENT OF THE HEENAN PATENTS**

55.     3M realleges and incorporates by reference the averments pled in the preceding paragraphs of this Complaint.

56.     An actual and justiciable controversy exists between 3M and Avery regarding the alleged infringement of the Heenan patents by 3M's manufacture and sales of Diamond Grade™ DG$^3$™ full cube reflective sheeting products.

57.     3M's Diamond Grade™ DG$^3$™ products do not infringe, literally or under the doctrine of equivalents, any valid claim of U.S. Reissue Patents Nos. 40,700 or 40,455.

58.     3M is not infringing, and has never infringed, any valid claim of U.S. Reissue Patents Nos. 40,700 or 40,455, either directly or indirectly, either literally or under the doctrine of equivalents.

59.     3M is entitled to judgment declaring that it has never infringed and is not infringing any valid claim of U.S. Reissue Patents Nos. 40,700 or 40,455.

**Second Claim for Relief**
**DECLARATORY JUDGMENT OF**
**INVALIDITY OF THE HEENAN PATENTS**

60.     3M realleges and incorporates by reference the averments pled in the preceding paragraphs of this Complaint.

61.     An actual and justiciable controversy exists between 3M and Avery regarding the invalidity of the Heenan patents under 35 U.S.C. §§ 102, 103, 112 and/or 251.

62.     U.S. Reissue Patents Nos. 40,700 and 40,455, are invalid under 35 U.S.C. §§ 102, 103, 112 and/or 251.

63.     3M is entitled to judgment declaring that U.S. Reissue Patent Nos. 40,700 and 40,455 are invalid.

**Third Claim for Relief**
**DECLARATORY JUDGMENT OF 3M's**
**INTERVENING RIGHTS UNDER THE HEENAN PATENTS**

64.    3M realleges and incorporates by reference the averments pled in the preceding paragraphs of this Complaint.

65.    An actual and justiciable controversy exists between 3M and Avery regarding 3M's intervening rights under U.S. Reissue Patents Nos. 40,700 and 40,455, pursuant to 35 U.S.C. § 252, arising from claim amendments Avery made during the reissue proceedings.

66.    3M is entitled to absolute and equitable intervening rights under U.S. Reissue Patents Nos. 40,700 and 40,455, pursuant to 35 U.S.C. § 252, arising from claim amendments Avery made during the reissue proceedings.

67.    3M is entitled to judgment declaring that 3M is entitled to absolute and equitable intervening rights under U.S. Reissue Patents Nos. 40,700 and 40,455, pursuant to 35 U.S.C. § 252.

**PRAYER FOR RELIEF**

WHEREFORE, 3M respectfully prays for entry of judgment as follows:

A.    Declaring that 3M has not infringed and is not infringing U.S. Reissue Patents Nos. 40,700 and 40,455;

B.    Declaring that U.S. Reissue Patents Nos. 40,700 and 40,455 are invalid;

C.    Declaring that 3M is not liable to Avery for infringement of U.S. Reissue Patent Nos. 40,700 and 40,455 by virtue of 3M's absolute and equitable intervening rights;

D.    Finding this to be an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding to 3M its attorneys' fees and costs incurred in this action; and

E.    Awarding 3M such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 3M demands a trial by jury of any and all issues on which a trial by jury is available under applicable law.


Dated:  September 3, 2010                    Respectfully submitted,

                                             */s/ Ann N. Cathcart Chaplin*
                                             John C. Adkisson (#266358)
                                             *adkisson@fr.com*
                                             Ann N. Cathcart Chaplin (#284865)
                                             *cathcartchaplin@fr.com*
                                             **FISH & RICHARDSON P.C.**
                                             3200 RBC Plaza, 60 South Sixth Street
                                             Minneapolis, MN 55402
                                             Tel: (612) 335-5070
                                             Fax: (612) 288-9696

                                             Kevin H. Rhodes (Reg. No. 0318115)
                                             William D. Miller (Reg No. 0264453)
                                             **3M INNOVATIVE PROPERTIES
                                             COMPANY**
                                             3M Center, P.O. Box 33427
                                             Saint Paul, Minnesota 55144
                                             Telephone: (651) 736-4533
                                             Fax: (651) 737 2948
                                             krhodes@mmm.com
                                             wdmiller@mmm.com

                                             **OF COUNSEL:**

                                             Courtland L. Reichman, Esq.
                                             **KING & SPALDING LLP**
                                             101 Second Street, Suite 2300
                                             San Francisco, CA 94105
                                             Tel: (650) 590-0724
                                             Fax: (415) 318-1300
                                             creichman@kslaw.com

Natasha H. Moffitt, Esq.
**KING & SPALDING LLP**
1180 Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 572-2783
Fax: (404) 572-5134
nmoffitt@kslaw.com

***Attorneys for Plaintiff***
***3M Company***

60660253.doc