UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>AVERY DENNISON CORPORATION,<br><br>　　　　　Defendant. | CIVIL ACTION NO.<br>10-cv-3849-MDJ/FLN<br><br>**DECLARATION OF MICHAEL MAIER IN SUPPORT OF AVERY DENNISON'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)** |

　　　　　I, Michael C. Maier, declare that I have personal knowledge of the following facts and if called as a witness would testify as follows:

　　　　　1.　　I am employed as Associate Patent Counsel for the Avery Dennison Corporation.

　　　　　2.　　I have held this position for nearly five years.

　　　　　3.　　At Avery, attorneys such as myself are given primary responsibility over particular business divisions. One business division that I oversee is Avery's Graphics and Reflective Products Division ("GRPD") which includes the Reflective Business unit. This business is the one that produces the OmniCube™ product that 3M has accused of infringing its patents.

　　　　　4.　　In my role, I am responsible for all the intellectual property issues that arise from GRPD. This includes all litigation and patent prosecution matters that relate to the Reflective Business.

5.  Two Avery patents that issued from work performed by the Reflective Business of Avery are: U.S. Patents Nos. 6,767,102 (RE 40,455) and/or 6,015,214 (RE 40,700) (collectively "the Heenan patents").

6.  Because these patents relate to products in the Reflective Business which I oversee, I would be primarily responsible for handling any inquiries regarding the licensing of these patents. I would also be involved in any decisions to enforce the Heenan patents.

7.  While it is possible that I may delegate some portion of these responsibilities to other attorneys or personnel at Avery, I would be informed of and kept apprised of communications they had about the Heenan patents. I have also been informed of and participate in communications with the Chief IP Counsel regarding the Heenan patents.

8.  I have reviewed 3M's complaint in this action. I do not believe 3M is correct in its statement that an ongoing dispute exists between the parties with respect to the Heenan patents.

9.  ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

10. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████

00197.51709/3698053.2

11. 

12.     As to the discussions from 2005-2007 that 3M refers to in its complaint at paragraphs 22-29 among others, those were discussions between 3M and Avery relating to the Heenan patents that occurred in the context of settlement discussions to resolve an action concerning United States Patent No. 5,897,930 ("the '930 patent") – an unrelated 3M patent directed to pressure-activated adhesives for large-format graphics – entitled *3M Innovative Properties Co. and 3M v. Avery Dennison Corp.*, Civ. No. 01-1781 JRT/FLN (D. Minn.) ("the Graphics Litigation") and a related action pending in the Netherlands. At some time during those discussions, the issue of including the Heenan patents as part of a global cross licensing arrangement was raised. During those discussions, I am not aware of Avery ever threatening 3M with a suit over the Heenan patents or telling 3M it needed to take a license to the patents because it infringed. I am not aware of Avery ever indicating that it was planning to enforce the Heenan patents against 3M at some point in the future. Moreover, to ensure that the parties communicated freely and that nothing they said could be misconstrued as a threat which could be used to file a declaratory judgment action, the parties entered an agreement in writing stating that all the discussions between them were confidential and could not be used for any purpose, including to file a declaratory judgment action. That agreement

00197.51709/3698053.2

was made on October 24, 2005. A second agreement to further settlement discussions was made on March 19, 2007, and contained the same limitations and admonitions regarding use of statements made during the settlement discussions.

13. 

14. ███████████████████████████████

15. The foregoing is true and correct to the best of my knowledge, information and belief subject to penalty of perjury under the laws of the United States.

Mentor, OH

September 27, 2010

Michael C. Maier

# EXHIBIT A

**FILED UNDER SEAL**

# EXHIBIT B

**FILED UNDER SEAL**