UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY and<br>3M INNOVATIVE PROPERTIES COMPANY<br><br>      Plaintiffs/<br>      Counterclaim Defendants,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>      Defendant/<br>      Counterclaim Plaintiff. | Civil Action 10-cv-03849 MJD/FLN<br><br>**JURY TRIAL DEMANDED** |

## AVERY DENNISON'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Avery Dennison Corporation ("Avery Dennison") answers the Complaint of Plaintiffs/Counterclaim Defendants 3M Innovative Properties Company and 3M Company (collectively, "3M") and counterclaims as follows. All averments and allegations not expressly admitted herein are denied. The paragraph numbers correspond to those in 3M's Complaint.

### NATURE OF THIS ACTION

1. Avery Dennison admits that 3M purports to assert claims under the Declaratory Judgment Act but denies that any of those claims are valid or sustainable. Avery Dennison admits that it owns United States Patent Nos. RE40,700 and RE40,455. Avery Dennison denies any remaining averments of paragraph 1.

2. Avery Dennison admits that 3M purports to assert claims under the Declaratory Judgment Act and the patent laws of the United States but denies that any of those claims are valid or sustainable. Avery Dennison denies any remaining averments of paragraph 2.

## THE PARTIES

3. Upon information and belief, Avery Dennison admits that 3M is a Delaware corporation and has a place of business at 3M Center, St. Paul, Minnesota 55133-3427. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of any remaining averments of paragraph 3 and, therefore, denies the same.

4. Avery Dennison admits that retroreflective sheeting technology is used in a variety of applications, including road signs. Avery Dennison admits that certain retroreflective sheeting technology enhances motorist and passenger safety. Avery Dennison admits that 3M has the largest market share in retroreflective sheeting technology. Avery Dennison admits that 3M sells a reflective sheeting that is sold under the name Diamond Grade™ DG$^{3}$™. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of any remaining averments of paragraph 4 and, therefore, denies the same.

5. Admitted.

6. Avery Dennison admits that Avery Dennison and 3M are competitors in sales of certain reflective sheeting products. Avery Dennison denies any remaining averments of paragraph 6.

## JURISDICTION AND VENUE

7. Denied.

8. Denied.

9. Denied.

**FACTUAL BACKGROUND**

10. Avery Dennison admits that 3M manufactures and sells reflective sheeting for a variety of applications. Avery Dennison also admits that 3M manufactures and sells a full cube prismatic reflective sheeting designated Series 4000 3M™ Diamond Grade™ DG3™. Avery Dennison denies any remaining averments of paragraph 10.

11. Avery Dennison admits that Avery Dennison and 3M are competitors in sales of certain reflective sheeting products. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of any remaining averments of paragraph 11 and, therefore, denies the same.

12. Avery Dennison admits that it markets and sells a retroreflective sheeting product known as OmniCube®. Avery Dennison also admits that 3M alleges OmniCube® infringes five patents in the case *3M et al. v. Avery Dennison Corp.*, Civil Action No. 10-CV-2630 (D. Minn.). Avery Dennison also admits that in that case, Avery Dennison alleges that the patents-in-suit are invalid and not infringed, and that 3M has waived its right to assert the patents based on its fraudulent conduct before ASTM. Avery Dennison also admits that it has asserted antitrust and unfair competition claims based on the same conduct in the case *Avery Dennison Corp. v. 3M et al.*, Civil Action No. 10-CV-284 (D. Minn.). Avery Dennison denies any remaining averments of paragraph 12.

13. Avery Dennison admits that it owns United States Patent No. RE40,700, entitled "Retroreflective Articles Having Microcubes, and Tools and Methods for Forming Microcubes." Avery Dennison also admits that the Patent Office reissued United States

Patent No. RE40,700 on April 14, 2009, as a reissue of United States Patent No. 6,015,214. Avery Dennison admits that United States Patent No. RE40,700 is attached as Exhibit A. Avery Dennison denies any remaining averments of paragraph 13.

14. Avery Dennison admits that it owns United States Patent No. RE40,455, entitled "Retroreflective Articles Having Microcubes, and Tools and Methods for Forming Microcubes." Avery Dennison also admits that the Patent Office reissued United States Patent No. RE40,455 on August 12, 2008, as a reissue of United States Patent No. 6,767,102. Avery Dennison admits that United States Patent No. RE40,455 is attached as Exhibit B. Avery Dennison denies any remaining averments of paragraph 14.

15. Avery Dennison admits that Avery Dennison and 3M are competitors in the markets for certain products. Avery Dennison also admits that Avery Dennison and 3M have been adversaries in previous litigation, both in the United States and overseas. Avery Dennison denies any remaining averments of paragraph 15.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Avery Dennison admits that Avery Dennison and 3M settled the structured adhesive litigations in 2007. Avery Dennison also admits that Avery Dennison and 3M settled the closure tape tab laminate litigations in 2008. Avery Dennison also admits that the parties entered agreements as part of those settlements. Avery Dennison denies any remaining averments of paragraph 20.

21. Avery Dennison admits that Avery Dennison filed suit against 3M in the District of Delaware based on 3M's infringement of United States Patent No. 7,709,071 (Civil Action No. DE-10-372-GMS). Avery Dennison also admits that United States Patent No. 7,709,071 issued on May 4, 2010. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of any remaining averments of paragraph 21 and, therefore, denies the same.

22. Upon information and belief, Avery Dennison admits that 3M launched its Diamond Grade™ DG³™ product in 2005. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of any remaining averments of paragraph 22 and, therefore, denies the same.

23. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 and, therefore, denies the same.

24. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 and, therefore, denies the same.

25. Admitted.

26. Avery Dennison admits that United States Patent Nos. 6,015,214 and 6,767,102 were reissued as United States Patent Nos. RE40,700 and RE40,455. Avery Dennison denies any remaining averments of paragraph 26.

27. Admitted.

28. Upon information and belief, admitted.

29. Avery Dennison admits that the Patent Office reissued United States Patent Nos. 6,015,214 and 6,767,102 as United States Patent Nos. RE40,700 and RE40,455. Avery Dennison denies any remaining averments of paragraph 29.

30. Avery Dennison admits that its Chief Intellectual Property Counsel and 3M's Chief Intellectual Property Counsel discussed retroreflective sheeting patents in 2009. Avery Dennison denies any remaining averments of paragraph 30.

31. Avery Dennison admits that its Chief Intellectual Property Counsel spoke to 3M's Chief Intellectual Property Counsel in 2009 to discuss the parties' retroreflective sheeting patents. Avery Dennison denies any remaining averments of paragraph 31.

32. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 and, therefore, denies the same.

33. Avery Dennison admits that 3M's Chief Intellectual Property Counsel telephoned Avery Dennison's Chief Intellectual Property Counsel and stated that 3M was not interested in taking a license before and it was still not interested in taking a license. Avery Dennison denies any remaining averments of paragraph 33.

34. Admitted.

35. Avery Dennison admits that the Chief Intellectual Property Counsels for Avery Dennison and 3M have engaged in confidential settlement discussions concerning numerous intellectual property disputes. Avery Dennison denies any remaining averments of paragraph 35.

36. Avery Dennison admits that there were no "settlement discussions" in 2009 concerning the Heenan patents. Avery Dennison admits there was no discussion of

settlement or license terms. Avery Dennison denies any remaining averments of paragraph 36.

37. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 and, therefore, denies the same.

38. Avery Dennison admits that it introduced its OmniCube® products in 2010. Avery Dennison also admits that its OmniCube® products do not infringe any valid claim of any 3M patent directed to full cube corner retroreflective technology. Avery Dennison denies any remaining averments of paragraph 38.

39. Avery Dennison admits that it filed suit against 3M on May 3-4, 2010, in the District of Delaware based on 3M's infringement of United States Patent No. 7,709,071 (Civil Action No. DE-10-372-GMS). Avery Dennison also admits that United States Patent No. 7,709,071 issued on May 4, 2010. Avery Dennison denies any remaining averments of paragraph 39.

40. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 and, therefore, denies the same.

41. Avery Dennison admits that 3M represented to ASTM that it would not use its patents to block competition in the market for Type XI retroreflective sheeting. Avery Dennison also admits that Avery Dennison and 3M have never had a standstill agreement that includes United States Patent Nos. RE40,700 and RE40,455. Avery Dennison denies any remaining averments of paragraph 41.

42. Admitted.

43. Avery Dennison admits that in its June 25th complaint, 3M purported to assert claims seeking declaratory judgments of noninfringement, invalidity and intervening rights but denies that that any of those claims were valid or sustainable. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of any remaining averments of paragraph 43 and, therefore, denies the same.

44. Avery Dennison admits that 3M's Chief Intellectual Property Counsel telephoned Avery's Chief Intellectual Property Counsel after it filed its complaint. Avery Dennison admits that 3M asked for a covenant not to sue. Avery Dennison denies any remaining averments of paragraph 44.

45. Admitted.

46. Avery Dennison admits that the Court extended its time to answer 3M's June 25th complaint. Avery Dennison also admits that it filed a motion to dismiss on August 18, 2010. Avery Dennison also admits that the Court heard argument on that motion on November 12, 2010. Avery Dennison also admits that the Court granted Avery Dennison's motion on March 29, 2011. Avery Dennison denies any remaining averments of paragraph 46.

47. Avery Dennison admits that its August 18, 2010 motion to dismiss the declaratory judgment counts tolled its time to answer the remaining counts in 3M's June 25th complaint. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of any remaining averments of paragraph 47 and, therefore, denies the same.

48. Avery Dennison admits that 3M filed its complaint in this matter on the same day it amended its complaint in Civil Action No. 10-CV-2630. Avery Dennison denies any remaining averments of paragraph 48.

49. Denied.

50. Denied.

51. Avery Dennison lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 and, therefore, denies the same.

52. Denied.

53. Denied.

54. Denied.

## FIRST CLAIM FOR RELIEF

55. Avery Dennison realleges and incorporates by reference its responses pled in the preceding paragraphs of this Answer and Counterclaims.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## SECOND CLAIM FOR RELIEF

60. Avery Dennison realleges and incorporates by reference its responses pled in the preceding paragraphs of this Answer and Counterclaims.

61. Denied.

62. Denied.

63. Denied.

## THIRD CLAIM FOR RELIEF

64. Avery Dennison realleges and incorporates by reference its responses pled in the preceding paragraphs of this Answer and Counterclaims.

65. Denied.

66. Denied.

67. Denied.

## PRAYER FOR RELIEF

68. Avery Dennison denies that 3M is entitled to the relief requested in its Prayer for Relief, or to any other relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof which would otherwise reside with 3M, Avery Dennison asserts its affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

69. The complaint lacks subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

70. The complaint fails to state a claim upon which relief can be granted.

## RIGHT TO AMEND DEFENSES

71. Avery Dennison reserves the right to amend its answer to assert further defenses based on future discovery during the lawsuit.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Avery Dennison Corporation ("Avery Dennison") for its counterclaims against 3M Innovative Properties Company and 3M Company (collectively, "3M") alleges as follows:

## PARTIES

1.  Avery Dennison is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 150 North Orange Grove Boulevard, Pasadena, California 91103.

2.  Upon information and belief, 3M Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center, St. Paul, Minnesota 55133.

3.  Upon information and belief, 3M Innovative Properties Company is a wholly-owned subsidiary of 3M Company with its principal place of business at 3M Center, St. Paul, Minnesota 55133.

## JURISDICTION AND VENUE

4.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a), and/or 1367.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b).

7. This Court has jurisdiction over 3M. 3M sells infringing products in the district. 3M conducts extensive business in this district, and 3M has consented to jurisdiction in this district by filing suit against Avery Dennison in this Court.

## BACKGROUND

8. On August 12, 2008, the Patent Office duly and legally issued United States Patent No. RE40,455 ("the '455 patent"), entitled "Retroreflective Articles Having Microcubes, and Tools and Methods for Forming Microcubes," to Avery Dennison as the assignee of the inventors named therein. Avery Dennison is the owner of all right, title, and interest in and to the '455 patent, including the right to sue and recover for infringement thereof. A copy of the '455 patent is attached hereto as Exhibit A.

9. On April 14, 2009, the Patent Office duly and legally issued United States Patent No. RE40,700 ("the '700 patent"), entitled "Retroreflective Articles Having Microcubes, and Tools and Methods for Forming Microcubes," to Avery Dennison as the assignee of the inventors named therein. Avery Dennison is the owner of all right, title, and interest in and to the '700 patent, including the right to sue and recover for infringement thereof. A copy of the '700 patent is attached hereto as Exhibit B.

10. 3M makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the Diamond Grade™ DG³™ product series, that embody one or more inventions claimed in the '455 patent.

11. 3M makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the Diamond Grade™ DG³™ product series, that embody one or more inventions claimed in the '700 patent.

# COUNT I
# INFRINGEMENT OF THE '455 PATENT

12. Avery Dennison incorporates by reference the averments of Paragraphs 1-11 as if fully set forth herein.

13. Upon information and belief, pursuant to §271(a), (b), and/or (c), 3M's manufacture, use, offers to sell, and/or sale within the United States of its Diamond Grade™ DG3™ products constitute infringement of one or more claims of the '455 patent, including at least but not limited to independent claims 21 and 27 and certain dependent claims related thereto.

14. 3M's manufacture, use, offers to sell, and/or sale within the United States of its Diamond Grade™ DG3™ products has been without the permission, consent, authorization, or license of Avery Dennison.

15. As a result of 3M's infringing acts, Avery Dennison has been and continues to be damaged in its business and property, and thus Avery Dennison is entitled to recover damages for 3M's infringing acts, which in no event can be less than a reasonable royalty.

16. By 3M's own account, it has known about the '455 patent since the time of its reissue. Upon information and belief, 3M's infringement of the '455 patent has been and is knowing, willful, and/or objectively reckless and constitutes willful infringement.

17. Unless 3M is enjoined by the Court, Avery Dennison will be substantially and irreparably harmed by 3M's infringement of the '455 patent. Avery Dennison has no adequate remedy at law.

18. An actual and justiciable case or controversy exists between Avery Dennison and 3M concerning infringement of the '455 patent.

## COUNT II
## INFRINGEMENT OF THE '700 PATENT

19. Avery Dennison incorporates by reference the averments of Paragraphs 1-17 as if fully set forth herein.

20. Upon information and belief, pursuant to §271(a), (b), and/or (c), 3M's manufacture, use, offers to sell, and/or sale within the United States of its Diamond Grade™ DG3™ products constitutes infringement of one or more claims of the '700 patent, including at least but not limited to independent claims 1, 3 and certain dependent claims related thereto.

21. 3M's manufacture, use, offers to sell, and/or sale within the United States of its Diamond Grade™ DG3™ products has been without the permission, consent, authorization, or license of Avery Dennison.

22. As a result of 3M's infringing acts, Avery Dennison has been and continues to be damaged in its business and property, and thus Avery Dennison is entitled to recover damages for 3M's infringing acts, which in no event can be less than a reasonable royalty.

23. By 3M's own account, it has known about the '700 patent since the time of its reissue. Upon information and belief, 3M's infringement of the '700 patent has been and is knowing, willful, and/or objectively reckless and constitutes willful infringement.

24. Unless 3M is enjoined by the Court, Avery Dennison will be substantially and irreparably harmed by 3M's infringement of the '700 patent. Avery Dennison has no adequate remedy at law.

25. An actual and justiciable case or controversy exists between Avery Dennison and 3M concerning infringement of the '700 patent.

## PRAYER FOR RELIEF

WHEREFORE, Avery Dennison respectfully requests the following relief:

A. A declaration that the commercial manufacture, use, sale, or offer for sale within the United States or importation into the United States of 3M's Diamond Grade™ DG$^{3}$™ products infringes one or more claims of the '455 and '700 patents;

B. A preliminary and permanent injunction against 3M, its officers, agents, servants, and employees, all other persons acting in privity or concert with them, and their successors and assigns, from engaging in the commercial manufacture, use, sale, or offer for sale within the United States or importation into the United States of 3M's Diamond Grade™ DG$^{3}$™ products;

C. An award of damages and/or a reasonable royalty for 3M's infringement of the '455 and '770 patents, together with pre-judgment and post-judgment interest and costs as provided in 35 U.S.C. §284;

D. A finding that 3M's infringement of the '455 and '770 patents has been knowing and willful;

E. An increase in damages awarded to Avery Dennison to three times the damages found by the jury or assessed by the Court as provided in 35 U.S.C. §284;

F. An order of an accounting of 3M's sales and profits with respect to infringing products;

G. A declaration that this is an exceptional case entitling Avery Dennison to an award of its reasonable attorneys' fees, costs, and expenses as provided in 35 U.S.C. §285; and

I. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Avery Dennison demands a trial by jury on all issues so triable.

Respectfully submitted,

DATED: April 6, 2012

By: <u>s/ Lora M. Friedemann</u>
Kurt J. Niederluecke (#271597)
Lora M. Friedemann (#259615)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Avery Dennison Corporation*

OF COUNSEL:

Charles K. Verhoeven (CA Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
David Bilsker (CA Bar No. 152383)
  davidbilsker@quinnemanuel.com
Christopher E. Stretch (CA Bar No. 166752)
  chrisstretch@quinnemanuel.com
James E. Baker (NY Bar No. 4101721)
  jamesbaker@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600 (tel.)
(415) 875-6700 (fax)